NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| In re AJAY KAJLA, | | Bankruptcy Action No. 18-22208 (CMG) |
| | Debtor. | Adversary Case No. 18-1384 (CMG) |
| AJAY KAJLA, | | |
| | Appellant, | ON APPEAL FROM THE |
| | v. | BANKRUPTCY COURT OF THE DISTRICT OF NEW JERSEY |
| WELLS FARGO, | | Civil Action No. 18-16818 (MAS) |
| | Appellee. | MEMORANDUM OPINION |

**SHIPP, District Judge**

This matter comes before the Court upon pro se Appellant Ajay Kajla's ("Appellant") appeal (Notice of Appeal, ECF No. 1) from the Bankruptcy Court's Order (Adversary ECF No. 33)[1] granting Appellees Wells Fargo Bank, N.A. ("Wells Fargo"), U.S. Bank National Association as Trustee for Credit Suisse First Boston MBS ARMT 2005-8, and U.S. Bank National Association as Trustee for Adjustable Rate Mortgage Trust 2005-8, Adjustable Rate Mortgage-Backed Pass-Through Certificates, Series 2005-8's (together, the "Trustee") (collectively with Wells Fargo, "Appellees") Motion to Dismiss the Adversary Complaint Pursuant to Federal Rules[2] of Civil Procedure 12(b)(1) and 12(b)(6) (Adversary ECF No. 23). Appellant filed his initial brief

---

[1] Docket entries from the bankruptcy proceeding—*In re Ajay Kajla*, No. 18-22208 (Bankr. D.N.J.)—are designated as "Bankr. ECF No." Docket entries from the adversary proceeding (the "Adversary Proceeding") filed within that Bankruptcy Court proceeding—*Kajla v. U.S. Bank*, No. 18-1384 (Bankr. D.N.J.)—are designated as "Adversary ECF No."

[2] Hereinafter, all references to "Rule" or "Rules" refer to the Federal Rules of Civil Procedure, unless otherwise specified.

in support (ECF No. 16); Appellees opposed (ECF No. 17); and Appellant replied (ECF No. 18). The Court has carefully considered the parties' submissions and, pursuant to Local Civil Rule 78.1, decides the matter without oral argument. For the reasons set forth below, the Court denies Appellant's Appeal and affirms the Order of the Bankruptcy Court.

## I. BACKGROUND[3]

In or around April 2005, Appellant executed a mortgage on real property located at 6 Ramapo Court, Colts Neck, New Jersey 07722 (the "Property"). (Adversary Compl. 2-4, Adversary ECF No. 1.) The Trustee filed a foreclosure action in or about December 2007. *U.S. Bank Nat'l Ass'n v. Kajla*, No. A-3875-14, 2016 WL 5210609, at *1 (N.J. Super. Ct. App. Div. Sept. 22, 2016), *cert. denied*, 158 A.3d 581 (N.J.), *cert. denied*, 138 S. Ct. 120, 2017 WL 2362637 (Oct. 2, 2017). On March 6, 2015, a second-amended final judgment of foreclosure was entered against Appellant. *Id.* Appellant's motion to vacate the judgment was denied, as was his appeal to the New Jersey Superior Court. *Id.*

On October 23, 2017, Appellant filed suit in the United States District Court for the District of New Jersey asserting that U.S. Bank and other named defendants "engaged in a fraudulent scheme to deprive him of his home by unlawfully assigning his Mortgage and Note and then foreclosing on it without standing to do so." *Kajla v. U.S. Bank Nat'l Ass'n for Credit Suisse First Bos. MBS ARMT 2005-8*, No. 17-8953, 2018 WL 1128498, at *1 (D.N.J. Mar. 1, 2018). The court dismissed Appellant's case and denied Appellant's motion to amend the complaint. *Id.* at *8. The Property was sold at a sheriff's sale on October 30, 2017. (Appellees' Opp'n Br. 7, ECF No 17.) Appellant filed a Motion to Set Aside the Sheriff's Sale, which was denied with prejudice, and a Motion for Reconsideration, which was likewise denied. (*Id.*)

---

[3] The factual and procedural histories of this matter are well known to the parties and the Court. The Court, accordingly, only recites those facts necessary to provide context and resolve the instant appeal.

2

On June 18, 2018, Appellant filed for Chapter 7 bankruptcy protection in the United States Bankruptcy Court for the District of New Jersey. (Pet., Bankr. ECF No. 1.) On July 27, 2018, Appellant filed a Complaint in the Adversary Proceeding, naming Appellees and others as Defendants. (Adversary ECF No. 1.) On October 8, 2018, Appellees filed a Motion to Dismiss the Adversary Complaint (Adversary ECF No. 23), which the Bankruptcy Court granted on November 20, 2018 (Adversary ECF No. 33). On December 4, 2018, Appellant filed the instant appeal. (Notice of Appeal, ECF No. 1.) The briefing on the appeal followed.

## II. ISSUES PRESENTED ON APPEAL

Appellant raises the following issues on appeal:

1. Did the Bankruptcy Court err when it "did not [issue] an opinion on the [Adversary] Complaint and the Debtor's Motion[?]" (Appellant's Br. 10, ECF No. 16).

2. Did the Bankruptcy Court err when it showed "a clear bias favoring [] Appellees" at Appellant's court appearances, as documented "in the history of each Motion by the Appellant[?]" (*Id.*)

3. Did the Bankruptcy Court err when it granted Appellees' Motion "without looking at the facts[?]" (*Id.*)

4. Did the Bankruptcy Court err when it "[d]id not respect the rights of a [pro se] litigant[?]" (*Id.*)

## III. STANDARD OF REVIEW

A district court has appellate jurisdiction over a bankruptcy court's final judgments, orders, and decrees. *See* 28 U.S.C. § 158(a). The standard of review for bankruptcy court decisions "is determined by the nature of the issues presented on appeal." *Baron & Budd, P.C. v. Unsecured Asbestos Claimants Comm.*, 321 B.R. 147, 157 (D.N.J. 2005). Findings of fact are reviewed under a "clearly erroneous" standard, whereas factual findings may only be overturned "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re Cellnet Data Sys., Inc.*, 327 F.3d 242, 244 (3d Cir. 2003) (internal quotation marks and citation omitted). Legal conclusions, on the other hand, are subject to *de novo*

3

review by the district court. *See Donaldson v. Bernstein*, 104 F.3d 547, 551 (3d Cir. 1997). If it is alleged that the bankruptcy court abused its discretionary authority, the district court may only inquire whether the bankruptcy court's decision "rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact." *Int'l Union, UAW v. Mack Trucks, Inc.*, 820 F.2d 91, 95 (3d Cir. 1987). A district court evaluates mixed questions of law and fact "under a mixed standard, affording a clearly erroneous standard to integral facts, but exercising plenary review of the lower court's interpretation and application of those facts to legal precepts." *In re Cellnet Data Sys., Inc.*, 327 F.3d at 244.

Here, Appellant advances several arguments on appeal that are difficult to characterize. The Court, however, is aware of Appellant's pro se status and, out of an abundance of caution, adopts a *de novo* standard when reviewing Appellant's arguments.[4]

## IV. DISCUSSION

### A. Bankruptcy Court's Decision Not to Issue a Written Opinion When Dismissing Appellant's Adversary Complaint and "Debtor's Motion"

Appellant first argues that the Bankruptcy Court erred because it "[d]id not [issue] an opinion" when it dismissed his Adversary Complaint.[5] Although the Bankruptcy Court did not issue a written opinion along with its Order Granting Appellees' Motion to Dismiss, (*see* Order, Adversary ECF No. 33), the Bankruptcy Judge read her decision, including her detailed reasoning,

---

[4] It is of paramount importance to note that the Court is not articulating a new standard of review for pro se bankruptcy appeals. Given the remarkably long procedural history of this foreclosure action, the Court finds that the interests of justice are best served by a final resolution to the questions presented on appeal and that evaluating the merits of the appeal at a lower standard could invite additional litigation.

[5] Appellant also references the Bankruptcy Court's failure to render an opinion on "Debtor's Motion" when raising this issue. The exact motion Appellant is referring to is unclear. Given that the language of Appellant's brief in this case is nearly identical to briefs Appellant has filed in other matters before this Court (*see* No. 18-16813, ECF No. 26), the Court believes Appellant is referring to his Motion for Extraordinary Relief (Bankr. ECF No. 26).

onto the record. (Appellees' Opp'n Br. 14.) The Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

## B. Bankruptcy Court's Alleged Bias Favoring Appellee

Appellant argues that his appeal should be granted because the Bankruptcy Court impermissibly showed "a clear bias favoring [] Appellees" at Appellant's court appearances, as documented "in the history of each Motion by the Appellant." It is unclear as to what bias Appellant is alleging the Bankruptcy Court showed. Appellant provides no explanation for the time frame he references in his Brief and offers no specifics as to how the Bankruptcy Court showed alleged bias. (*See generally* Appellant's Br.) The Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

## C. Bankruptcy Court's Decision to Grant Appellees' Motion to Dismiss

Appellant avers that the Bankruptcy Court "[e]rred in granting [Appellees' Motion to Dismiss] without looking at the facts" and, rather than articulate a specific legal argument, merely reiterates the same general fraud allegations that have been rejected by previous courts every step of the way.

In granting Appellees' Motion, the Bankruptcy Court noted that the claims Appellant sought to advance in his Adversary Proceeding were barred by, *inter alia*, the *Rooker-Feldman* doctrine:

> . . . [T]here are two major operative facts here which inform the remaining legal analysis. The foreclosure judgment itself and the completed foreclosure sale. While Mr. Kajla contests the validity of certain assignments of the loan documents, US Bank CSFB obtained the judgment against Mr. Kajla. Thus, this court must respect that judgment under the *Rooker-Feldman* doctrine and the principles of *res judicata* and cannot revisit assignments which predate the foreclosure judgment and other issues which have been raised in other venues.

(Appellees' Opp'n Br. 14) (citing 11/20/18 Hr'g Tr. at 10:46-10:47.)

5

"The *Rooker-Feldman* doctrine bars federal district courts from hearing cases 'that are essentially appeals from state-court judgments.'" *Nest v. Nationstar Mortg., LLC*, No. 16-4282, 2016 WL 4541871, at *2 (D.N.J. Aug. 31, 2016) (quoting *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 165 (3d Cir. 2010)). "The Third Circuit has specifically held that the *Rooker-Feldman* doctrine bars federal courts from providing relief that would invalidate a state court foreclosure decision." *Id.*; *see also Gage v. Wells Fargo Bank, NA AS*, 521 F. App'x 49, 51 (3d Cir. 2013); *Manu v. Nat'l City Bank of Ind.*, 471 F. App'x 101, 105 (3d Cir. 2012). When a district court lacks subject matter jurisdiction under *Rooker-Feldman*, dismissal is warranted. *Jacobsen v. Citi Mortg. Inc.*, No. 17-1555, 2017 WL 3877848, at *1 (D.N.J. Sept. 5, 2017), *aff'd sub nom.*, *Jacobsen v. Citi Mortg. Inc., (NJ)*, 715 F. App'x 222 (3d Cir. 2018).

The *Rooker-Feldman* doctrine applies if four requirements are met: "(1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the [federal] court to review and reject the state judgments." *Great W. Mining & Mineral Co.*, 615 F. 3d at 166 (citing *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)); *see also Nest*, 2016 WL 4541871, at *2.

Here, adopting a *de novo* standard of review, the Court finds that the *Rooker-Feldman* doctrine applies. Appellant had a state foreclosure judgment entered against him (Appellees' Opp'n Br. 5-6); he re-asserted the same, previously rejected, claims of Appellees' allegedly fraudulent conduct in his Adversary Complaint (*see generally* Adversary Compl., Adversary ECF No. 1); the foreclosure judgment was entered long before Appellant filed his Adversary Complaint (Appellees' Opp'n Br. 16); and his Adversary Complaint sought, *inter alia*, orders "[v]acating the Sheriff Sale, reversing the Deed transfer and the Eviction," and "[r]eturning the Property to

6

[Appellant]," which invited the federal Bankruptcy Court to review and reject the state foreclosure judgment (Adversary Compl. 15).

The Court, accordingly, finds no basis to overturn the Bankruptcy Court's Order on this ground.

### D. Bankruptcy Court's Failure to "[R]espect the [R]ights of a [Pro Se] [L]itigant"

Finally, Appellant argues his appeal should be granted because the Bankruptcy Court "[d]id not respect the rights of a [pro se] litigant." Much like Appellant's other arguments, Appellant offers no evidence to support this claim. In fact, the record supports the opposite conclusion. Appellant has been litigating various causes of action ever since he defaulted on a loan, secured by the Property, in September 2007. Appellant has been afforded the opportunity to zealously advocate his case and, at every step of the way, various courts have considered his arguments. Even when employing the most deferential standard of review, the Court finds no evidence that the Bankruptcy Court acted improperly and, therefore, there is no basis to overturn the Bankruptcy Court's Order on this ground.

## V. CONCLUSION

For the foregoing reasons, Appellant's Appeal is denied. An order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
MICHAEL A. SHIPP<br>
UNITED STATES DISTRICT JUDGE

**Dated:** November 30, 2019